## LOVELL KIMBALL, plaintiff in error, *v.* DATUS KENT, defendant in error.

### *Error to La Salle.*

Where an action of *assumpsit* was commenced, and ten days before the next term of the Court, a declaration was filed in the clerk's office, but no copy of the account or instrument declared on, was filed with the declaration, and no such copy of the account or instrument was subsequently filed; and, at the second term of the Court, the cause was dismissed, on motion of the defendant, because no such copy had been filed : *Held,* that the dismissal was erroneous.

*Semble,* That a cause may be continued, for a refusal or omission to file a copy of the account declared on.

THIS was an action of *assumpsit* brought by Kimball against Kent, in the La Salle Circuit Court. The cause was commenced on the 21st of April, 1838, and the process was returnable to the September term of the Court, which was holden on the 3d Monday of said month. On the 5th of September, the plaintiff filed his declaration, but did not file any copy of the instrument or account declared on.

At the October special term of said Court, the Hon. John

Pearson presiding, the cause was dismissed on the defendant's motion, because no such copy was filed, and two terms of the Court had elapsed since the commencement of the suit, — and a judgment for costs rendered against the plaintiff, who brought the cause into this Court, by writ of error.

GILES SPRING, for the plaintiff in error.

ONSLOW PETERS, for the defendant in error.

SMITH, Justice, delivered the opinion of the Court :

The only question presented arises under the 6th section of the practice act of 1827. (1) We are of opinion, that the Court improperly dismissed the cause. The plaintiff had filed his declaration, and, so far, complied with the act. The omission to file the account, was not a sufficient reason for the dismissal. The cause might have been continued for a refusal or omission to file the account, but until a rule had been obtained requiring the plaintiff to file the account, and there had been a failure to comply with such rule by the defendant, the cause should not have been dismissed. We do not think the Court should have so summarily dismissed the cause.

The party was entitled to time and notice ; besides, the dismissal is had at a special term, and it is possible the party did not anticipate proceedings would be had in the suit, or he may have had no notice of the term.

The judgment is reversed with costs, and cause remanded, with leave to the plaintiff to file an account, and to proceed in the cause.

*Judgment reversed.*

*Note.* See The People *v.* Pearson, 1 Scam. 459, 473.